to 21-13-19 Integrated Associates of Denver v Pope. I understand that Ms. Cohen is joining us via Zoom. Good morning. Good morning, I am, Your Honor. Alright, who is arguing first on this one? Your Honor, hold on one second. Ms. Bogenbach is not going to argue, she just joined in the arguments, so I will be the one to do the arguments. Thank you. You may proceed. And can the court hear me? I just want to make sure that we're coming to you panel, I should say. Can the panel hear me? Yes. Okay. Ms. Bogenbach, before you get into your main argument, I want to highlight an issue that Judge Kelly touched upon earlier because I have some real concerns about whether there's any federal jurisdiction. It appears to have been based on diversity, but I think there are very serious questions about Associated, Integrated Associates of Denver's principal place of business. If you go back and you look at the plea, it looks to me like the principal place of business was Denver. In fact, that's stated in the pleadings until they stopped doing business, and that creates a big problem in terms of knowing where their citizenship is for purposes of diversity that no one's dealt with. Now, I'm guessing you haven't thought about this issue. I just wanted to highlight it because I think the respond if you're prepared, but I just wanted to make sure everybody understands that we've got some concerns about it. So, Your Honor, I am not prepared to answer that because it was not an issue that was raised by the district court below as one of the issues going forward, and so I'm not prepared to be able to address it at this time. If the court would like that either for me in this argument or for Ms. Gokenbach in the other case or both of us, then we can provide supplemental authority if that's what the court would like. And I don't know if the panel heard me that I'm going to be doing the argument and Ms. Gokenbach has joined in the argument, but we're not splitting our time. So, I would like to start out with, first of all, may it please the court, I am Nancy Cohen and thank you for allowing me to do this by Zoom, but I have gotten COVID and I don't think if you want me to be there. And so the question is, did Ms. Gokenbach act reasonably and not the arbitration award that primarily dealt with the wage claim? And as you heard Ms. Gokenbach argue in the other case, Ms. Gokenbach relied on Judge Kane's decision in which Judge Kane said, you know, this is a statutory claim and even though integrated associates wanted to compel arbitration. And so she relied on that decision as she went through. Her motion to vacate the arbitration award had to do with really three issues. One is whether the arbitrator allowed the wage claim to go forward without considering Judge Kane's order, even though the arbitrator did look at the order and understood that Judge Kane said it was not subject to arbitration. Two, whether or not the court should have allowed or awarded attorney's fees without a hearing. And that issue was not on appeal in the other case because if the court rules that the wage claim couldn't go forward, that's going to be mooted and accept itself. And then whether or not the argument about Exhibit 37, which summarized the lost wages under the Colorado Wage Act. Ms. Gokenbach in the arbitration objected to that, objected to it based upon the rules, federal rules of evidence, which everybody agreed applied. And in fact, the district court in the order denied the motion to vacate found that she had objected to it. So really the question is, in filing this motion to vacate, was it unreasonable and vexatious that Ms. Gokenbach made the argument that she believed that the wage claim could not be subject to arbitration? That really is what... reviewing this particular issue of sanctions. Under 1927, it is an abuse of discretion. That is the standard of review. Counsel, I'd like you to respond to a passage in Mr. Pope's brief on this issue. Mr. Pope writes that, and I'm quoting, he incurred most of his attorney fees responding to the arguments Ms. Gokenbach abandons on appeal. Could you respond to that? Well, Ms. Gokenbach abandoned two arguments. She abandoned the argument about the attorney's fees, but in a way she abandoned that because it wasn't necessary because if the court, if this panel finds that the wage claim should not have gone forward, then it doesn't matter whether there was a hearing or not. She really didn't abandon the issue about Exhibit 37, and she has that in her brief. So the fact that she made some strategic decisions in this brief with respect to what the court did in the underlying case, it isn't costing Mr. Pope any more money in this case. And really what the issue is, is whether the court should have entered fees against Ms. Gokenbach when it wasn't even clear in the original order that the fees were against Ms. Gokenbach. Because Mr. Pope never filed a separate motion for sanctions. He put his request for fees... Let me interrupt you here because that kind of bothered me in the way this was briefed. He did in fact file a separate motion in an affidavit in support. He filed it after the court said, I'm willing to entertain a motion for fees. He had originally included it in his motion, but there is now a separate motion in an affidavit in the record, and I found it surprising that that wasn't referenced. Well, this is the issue though. The court had already found he was entitled to fees and then directed Mr. Pope to file a motion for the amount of attorney's fees. But the decision about whether or not Mr. Pope should get fees was based upon what he had filed in the response. It wasn't based on the motion. It represents a brief that he never filed a motion for fees, and that's just not true. And the court indicated it would entertain his motion, and then he filed a motion and an affidavit in support. Correct? Well, that's not the way I read the order. The way I read the order is that she ordered, said he's entitled to fees, and then said you can file a motion for the amount of fees. To me, those are two separate issues. She had already made the decision that he was entitled to fees and that he may then file a motion for the amount, and that's exactly what he did. He filed a motion for fees on what the amount of fees he was entitled to. So I look at that judgment cue as two separate issues. Well, you would agree with me that it's not completely transparent to say he never filed a separate motion for fees. I guess saying it's not transparent and perhaps I wasn't as clear in my opening brief in terms of that because what I was really talking about is what he had put in his original response and not the fact that, and the fact that the court said, okay, you're entitled to fees. Now file a motion telling me how much of the fees you wanted, and I couldn't make that clear. So I apologize to Hale if that wasn't clear on that. But the whole idea is if you're asking for a sanction, that you need to file a separate motion, and he didn't file a separate motion. He did put it in his response. What the separate motion on the motion for fees was a motion saying this is how much I'm entitled to, and he did say how much he was entitled to and then had an affidavit that said his fees were reasonable. So that's why, Your Honor, I look at that separately in terms of going forward. So the court then entered in the order on the motion to vacate, the court said yes, Mr. Pope is entitled to fees, but didn't even make it clear who was against, which is why Ms. Gokenbach filed the motion for reconsideration, because she didn't know who the fees were against, and saying under 1927, it couldn't be against her client, and the district court agreed and said then the fees are against you, Ms. Gokenbach, and that is how it went through. But in terms of looking at whether or not Ms. Gokenbach should be sanctioned for making an argument relying on a district court opinion, she wasn't acting unreasonably in saying she believed that that opinion did not give the arbitrator subject matter jurisdiction. Now this panel may disagree in the other case and say no, there was an equitable to stop. This panel may do it, but at the time when she is making her argument under the motion to vacate, she believed that it could not, it was subject matter jurisdiction and it could not be waived. And so you have to look at what she was looking at at the time, even though you may not agree with the argument that she made, it doesn't mean that the argument was frivolous, and it doesn't mean that the argument lacked time or lacked merit at the time that she was making it. And when you look at the Lewis versus Circuit City case, which was referenced in the other case, it certainly was referenced in this case, one that's under Kansas law, not under Colorado law. It concerned a contract, it didn't concern a statutory claim and whether or not an arbitrator has subject matter jurisdiction. But even in the Lewis versus Circuit City case, this panel found that even though the arguments lacked merit, that they weren't frivolous and would not order fees against the attorney for making the arguments that he did when he filed a brand new case, totally ignoring the arbitration case. So I believe that the Lewis v. Circuit City case is helpful in this case. What I would like to do... We're on abuse of discretion review. I think that the court did review the sanctions de novo based upon the way that the case had come in because Mr. Lewis had filed a brand new case and whether or not there was issue conclusion when he was going through that. So he had filed a brand new case and he didn't even mention the arbitration. He didn't mention that he had lost the arbitration. My only point is that we're in a different posture here in reviewing the sanctions award. We're viewing for abuse of discretion. I think you agreed with that earlier. I do. I do agree with that. But there's been other case law, Your Honor, where if you look at, for example, where the sanctions were not ordered, if you look at the Braley case, which is one of the first cases that came in, despite the Tenth Circuit not was relieved of sanctions. And when you look at even some of the other cases in terms of where sanctions were ordered, for example, in the Hamilton v. Boise Cascade case where the field board was affirmed, it was very clear that the lawyer in that case knew that the other lawyer disagreed with his position and yet never made a correction. So that's not the situation that we have here, Judge Kelly. The situation we have here is that Ms. Gokenbach relied on an order. Counsel, if that order had nothing to do with the situation existing in this case, was the court totally out of line by saying this is a frivolous argument and you should know better and therefore I'm going to sanction you? Is that an abuse of discretion? I believe it is an abuse of discretion, Your Honor, in this case because Ms. Gokenbach was relying on an order that she believed did apply. Well, I know, but if she erroneously believed that and if the judge looked at it and said how could anybody think that, would that be an abuse of discretion? Well, the court didn't say how did anybody say that. The court didn't say that in her order. No, the order had nothing to do with the imposition, it was her position after the order and after the arbitration had concluded. Well, I believe what the court seemed to be upset about or what the court did not like about the argument is the fact that the Associates had asked for arbitration and then got arbitration and honestly, I don't think that the judge, the district court, ever even really addressed Judge Payne's order. I think the district court's position was you asked for arbitration and you got arbitration. Well, she went beyond that. I mean, it wasn't just you asked for it and you got it. You participated in it without mentioning or challenging the arbitrator's ability to arbitrate the wage claim. Then you waited, got a decision you didn't like and then said, oh wait, you don't have authority to decide that claim. I mean, whether you had the prior order from the court or not is irrelevant to the fact that you just participated without calling the attention to it and then later challenged it. I have a hard time finding an indecisive discretion under those facts. Well, as Ms., and I know I'm past my time, but as Ms. Gogenbach raised in the other case, it was raised on the counterclaims when there was an argument about the frustration. There wasn't an argument ever and we've looked carefully at it that, hey arbitrator, you can't arbitrate the wage claim because of this prior decision by this other court. Just providing as part of the materials a copy of the order is not bringing that to the arbitrator's attention. You are out of time. We appreciate your argument and we'll turn to opposing counsel. Thank you. Good morning again and may it please the court. I will endeavor to be as non-repetitive as possible here. On the issue in this appeal, it's important to remember that the Federal Arbitration Act imposes a high bar of review to vacate judgments. It's among the narrowest standard of review known to law. Integrated Associates through Ms. Gogenbach fell short of that bar in the motion to vacate. As the District Court found in its order, the motion was in essence just an appeal of the Arbitration Court and the court also found, quote, that Integrated Associates failed to even allege, let alone prove, any of the grounds enumerated under the Federal Arbitration Act. There is also a high standard of review for the award of attorney's fees in this case. As the panel has identified, that standard is abuse of discretion. Ms. Gogenbach has fallen short again of showing that this opinion, in order by the court below, rises to the level of an abuse of discretion. She's unable to show that the District Court misapprehended the law or there was any errors in the factual findings that the District Court relied on. The standard in 1927 does not require a finding of bad faith, nor does it require a finding that Ms. Gogenbach did not subjectively believe that's what Judge Kane's order says. It imposes an objective standard, and I think this court put it pretty well in the Hamilton v. Boise case when they pointed out that an attorney can be awarded fees even if they proceed with a good heart, but an empty head. It's not enough to show that Ms. Gogenbach wanted to make a good argument, wanted to vigorously advocate for her client, and believed it was correct. The question is whether a reasonable attorney would have advanced that argument, and the courts are allowed to I think that Ms. Gogenbach's brief on this issue addresses your last point in this way. I think you can find it on page 18, and as I understand the argument, that there's more than one way to prove that the Wage Act claim is exempt from arbitration, period, and the other way is that the claim is exempt from arbitration unless Mr. Pope consents otherwise. That's the way it's put in the brief. So as I understand the argument, it's that, well, even if we were wrong, we weren't unreasonable and shouldn't be sanctioned under those circumstances. So why isn't that a good argument? Because the interpretation of Judge King's order was not reasonable. Of course, if this court makes a finding that it is reasonable, I think we probably have to concede that an award of fees was not appropriate. However, I think it's very clear that Judge King's order was subject to only one interpretation. That there are two possible readings doesn't mean there's a reasonable interpretation. In the contract context, it's well recognized that a contract is not ambiguous just because one party can construe it in a way that can differs from the other parties. That's not enough to show an ambiguity. There has to be enough that goes further and shows that the and I don't think that's present here. Weren't you also arguing that the time that you, the Pope lawyer, spent on these issues, I believe there were four issues raised. One of them was this jurisdiction issue, but that the bulk of the time really wasn't even spent on this issue. But it seems like the arguments this morning are pretty much turning on it. Are we a little too focused on that? Why aren't you pushing your other argument? Maybe you were about to. Yeah, and also that during the last argument, I kind of started to touch on that as well. I do think that's important because the court awarded fees that covered the hours of responding to all the arguments. Perhaps if this argument is found to be reasonable, the scope of the arbitrator's authority, then the court could on remand decide to disallow the fees related to that argument, but still allow the fees related to the other arguments. I don't think it's particularly persuasive that Ms. Gogenbach is now asserting that it's only the one argument because that argument would overturn and vacate the whole ward. So all three of those other Those three arguments were brought at the district court level, and if they were wrong on this one, they brought those so they could then fall back on those other three arguments. So I think Mr. Pope... Are you suggesting that every time somebody loses, they should be sanctioned? No, not at all, Your Honor. I think the... It's a pretty good rule. Can you repeat that? No, I say, are you arguing that, I mean, just because I have a firm belief that I'm right and you're wrong, and it turns out you're right and I was wrong, should I be sanctioned? Not at all, Your Honor. I think there needs to be particular guidance and, you know, clear disregard for standards. And in this case, it's the very exacting standard of an arbitration award. I think it's important that this court has issued multiple warnings in the context of arbitration awards that it will issue attorney's fees against parties who adopt a never say die attitude. And that's precisely what's happened here. It was bringing everything that was possible to overturn or at least minimize Mr. Pope's award of damages from arbitration. And Ms. Gilkenbach has the benefit of those opinions, the Lewis decision, as well as the it's perhaps analogous to the qualified immunity argument this court heard this morning. She now has the benefit of that being clearly established by multiple opinions issued from this court. And I think she's fundamentally trying to get a new arbitration, sorry, she's trying to get a new trial on the issue by winning the motion to vacate. It doesn't matter that she filed it as a motion to vacate rather than filing a separate complaint, in part because it wouldn't make any sense for her to file a separate complaint because the claim belongs to Mr. Pope. That's the distinction they've been trying to draw between the Lewis case and this one. But again, the Lewis case didn't have the benefit of the Lewis opinion. And I think it's also bear to note that the award of fees is not considered an extreme remedy. It's considered a relatively mild remedy. It's not an entry of default. It's not an entry of It's simply intended to compensate Mr. Pope for the fees he incurred responding to unreasonable arguments. And I think it does matter that Judge Kane's order is not subject to a reasonable interpretation of this context. Argument began as an analogy to subject matter jurisdiction and brief research into whether the concepts of subject matter jurisdiction in the context of courts of limited jurisdiction applied to arbitration would have revealed that's not the case. And that arbitration and arbitrator's jurisdiction is decided as a matter of contract. And I think if there's any doubt about the possible interpretation of Judge Kane's order, then it's logical to simply preserve that argument. Otherwise, you're taking the risk that's posed by exactly this case that by failing to raise it, you have actually waived it. And I don't think failing to raise it was a mistake. It was an attempt to keep this trump card in the back pocket in case integrated associates lost. If it had been preserved for review, this case would be entirely different. And I think that's important. The question isn't was it reasonable to interpret Judge Kane's order one way? It's was it reasonable to sit back in arbitration and let the whole thing happen without ever raising the argument? Those are two different concepts. Perhaps there was a reasonable basis to contest the scope of the arbitrator's jurisdiction, but the proper way to do that is by starting with raising it. I'm not aware of any authority that specifically addresses a party allowing, sorry, allowing a party to sit back and await the results of the arbitration before objecting to the scope. And again, it's important here, again, that integrated associates is the one who asked for arbitration. They got what they asked for here, and they shouldn't be allowed to now change their minds simply because they lost. And Ms. Gokenbach's argument has constantly evolved on its legal basis in this case. It started in the district court briefing as being phrased in the context of subject matter jurisdiction. It's now evolved into being argued on the principles of preclusion, whether it's correctly called law of the case or issue preclusion is immaterial. That was not the framing of the issue or the legal issue brought up in front of the district court. And I think that shows a recklessness, at least, towards what the standard was here and how valid those reasonable counsel would have looked at those first and established these reasons for the appeal below. They wouldn't be constantly trying to find new basis that keep accumulating and do not support the original argument. In turning to the issue of a hearing or separate motion on the attorney's fees, as Judge McHugh pointed out, there was, in fact, a separate motion. But there was not only a separate motion filed by Mr. Poe, there was a motion for reconsideration filed by Ms. Gokenbach. And the district court denied that motion to reconsideration and expressly noted that Ms. Gokenbach filed 23 pages of arguments on the issue of fees under 1927 alone. And the court expressly acknowledged that it considered those arguments before it awarded Mr. Poe his fees. In other words, Ms. Gokenbach had every opportunity and was, in fact, heard on the issue attorney's fees twice over. That decision is within the district court's discretion. This court should not second guess such a minor procedural error that stems from the local rules of civil procedure. They're also pointing to Judge Arguello's own practice standards and this court should definitely defer to Judge Arguello on her interpretation of her own rules. The second point that supports an award of fees even absent a separate motion or hearing is this court's decision in the Dominion video case. The Dominion video case presented the exact facts here. Can a party be awarded fees under 1927 if they only request those fees in a response brief? The federal district court for Colorado in that case awarded fees based on that response brief. And then this court appealed that, sorry, this court affirmed that decision on appeal. It held that because the attorney in that case had the opportunity to be heard, the basic requirements of due process were satisfied. And that's all that needed to be satisfied in order to protect Ms. Gokenbach or the attorney in that case from deprivation of their right to be heard. And unless there are any other questions from the panel, I'll yield the rest of my time. Thank you, counsel. Do we have any rebuttal left? No rebuttal. Can we ask for supplemental briefs on this subject matter jurisdiction? I think that both Judge Kelly and Judge McHugh raised some questions about subject matter jurisdiction. And I expect the court will be asking for some supplemental briefing. The panel will confer about how to go about providing some direction on that. But I just wanted to put counsel on notice that that and I would like to call counsel's attention to the March 31st, 2022 case by the United States Supreme Court in Badger v. Walters, which deals with, you know, arbitration and confirmation or modification of arbitration awards. And in particular, I referenced the petitioner's first amended application to vacate or on the alternative to modify the arbitration award where it's pled that Integrated Associates of Denver is a corporation in good standing under the laws of Delaware. The Integrated Associates is no longer doing business, but it's registered conduct business in Colorado with a principal place of business located at 100 Fillmore Street, Suite 500, Denver, Colorado. Mr. Pope is also a resident of Colorado. And if that causes a problem, it's going to be a subject matter jurisdiction problem. I just point that out in the event you are interested in briefing it. Okay, thank you. Thank you, Judge Kelly. At this point, we will consider these two cases, 21-1019 and 21-1319, submitted after oral argument. We thank counsel for your appearances and arguments this morning and counsel are excused.